Argued May 1, reversed May 17, petition for rehearing
denied June 2, 1972

## NORMAN ET AL, *Petitioners, v.*
## VAN ELSBERG ET AL, *Respondents.*
### 497 P2d 204

*John Foss,* Coos Bay, argued the cause for petitioners. With him on the petition were McKeown, Newhouse & Johansen and Paul R. Roess, Coos Bay.

*Peter S. Herman,* Senior Counsel, Salem, argued the cause for respondents. With him on the briefs were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

O'CONNELL, C. J.

This is a proceeding filed pursuant to ORS 27.010-27.030 permitting a controversy to be submitted without action or suit.[1]

The question presented is whether the Board of County Commissioners of Coos County has the authority to decrease admittedly reasonable salaries of juvenile department personnel fixed by the judges of the juvenile court.

The trial court held that the board did not

---

[1] ORS 27.010. "Parties to a question in controversy, which might be the subject of an action or suit in a court of record with such parties plaintiffs and defendants, may submit the question to the determination of such court without action or suit, as provided in ORS 27.020 and 27.030."

have such authority. The Court of Appeals reversed. We allowed plaintiffs' petition for review.

The facts are set out in detail in the opinion of the Court of Appeals (7 Or App 66, 489 P2d 394); we shall briefly summarize them. The relevant statute is ORS 419.604 (1), which reads:

> "Subject to subsection (2) of this section, the judge or judges of the juvenile court in any county having a population less than 300,000 shall appoint or designate one or more persons of good moral character as counselors of the juvenile department of the county, to serve at the pleasure of and at a salary designated by the appointing judge and approved by the budget-making body of the county."

Plaintiffs, as judges of the juvenile court, designated the salaries of counselors of the juvenile department and submitted the salary schedule to the Coos County budget committee. The budget committee pre-prepared their own salary schedule for the juvenile department personnel, reducing the total amount submitted by plaintiffs. The Board of County Commissioners approved the schedule submitted by the budget committee. Plaintiffs, on their own motion, ordered the board to pay the salaries designated by them.

It is stipulated that neither the salaries set by plaintiffs or by defendants is arbitrary or unreasonable, or to put it positively, it is agreed that the salaries in both plaintiffs' and defendants' schedules are reasonable.

The trial court held that the juvenile court had the inherent power to fix reasonable salaries for the juvenile personnel, this being necessary to the discharge of the juvenile court's function as a court.

The Court of Appeals held that "there is nothing in the statement of controversy from which it can be concluded that the salaries set by the board adversely affected the discharge of the functions imposed by the constitution upon the judicial branch, or those imposed by the legislature upon the Circuit Court of Coos County under ORS 419.604 and 419.608." 7 Or App 66, 489 P2d 394 at 403.

We address ourselves first to the interpretation of ORS 419.604 (1). The statute authorizes the judges of the juvenile court to fix the salaries of the juvenile counselors, but also provides that the salary must be approved by the budget-making body of the county. What is meant by the word "approved" in this context? It could be interpreted to mean that the budget-making body of the county was intended to have the final authority to designate the juvenile counselors' salaries. On the other hand, the statute could be construed to vest in the budget-making body of the county the power to disapprove the salary schedule fixed by the judges only if salaries were unreasonable.

The Court of Appeals rejected the latter construction and held that the county board has the power to readjust the salary schedule submitted to it by the juvenile court.[2]

There are difficulties in so construing the statute. If the legislature intended to vest in the budget committee, and ultimately the county board, the discretion to fix reasonable salaries for juvenile department personnel, it is difficult to explain why the

---

[2] Both the parties, in their stipulation, and the Court of Appeals, in its opinion, treat the county board rather than the budget committee as the final repository of authority in passing upon the budget items in question. We shall adopt this treatment in our opinion.

juvenile court judges were expressly given the authority to designate salaries for such personnel in the first instance. At most, the salary schedule designated by the judges would serve only as a suggestion to the board, but this would be accomplished even without mention in the statute because the judges' recommendation would be evident from the request submitted to the board for funds.

■ We think that it is more reasonable to construe ORS 419.604 (1) to mean that the juvenile court judges were to have the authority to fix the salaries subject to the scrutiny of the budget-making body of the county only for the purpose of rejecting the proposed salaries if they were found to be unreasonable.

The legislature would have good reason to adopt such a policy. The county budget committees and boards of county commissioners in Oregon are, for the most part, made up of members who are not fully acquainted with the problems of judicial administration and the character of services needed to properly discharge the duties of the courts.

The trial judges of the juvenile court, on the other hand, have first-hand knowledge of the needs of the juvenile department, including the kind of talent necessary to carry out an effective juvenile department program. The legislature, knowing this, would have reason to delegate to the judges the authority and discretion to fix the salaries at a level which would attract qualified personnel.

That it was the intention of the legislature to treat court officers differently than other county officers and employees is made evident by the enactment of ORS 204.101, which reads as follows:

"The county court or board of county commis-

sioners of each county shall fix the compensation of its own members and of every other county officer, deputy and employe, including justices of the peace, constables and elective district court clerks, but excluding district court judges and any court officer appointed by any judge or judges of either the circuit or district courts exercising jurisdiction in the county and compensated from county funds, where the compensation of such officers, deputies and employes is to be paid from county funds."

The Court of Appeals attaches significance to the legislative history in the enactment of ORS 419.604 (1), specifically the amendment to Senate Bill No. 404 from which the statute evolved. It is pointed out that the bill was amended by adding the words "and approved by the budget-making body of the county." We do not think that the fact that the bill was so amended throws any more light upon the legislature's intent than if the added language had been in the bill in the first instance. In either event, we assume that the language was simply intended to provide a means by which any unreasonable designations of salary could be reviewed.

■ Under our construction of the statute the county board has the burden of proving that the salaries designated by the judges are unreasonable. Since it is stipulated that the salaries fixed by plaintiffs were reasonable, the only litigable issue under the statute has been resolved.

Our conclusion finds support in cases in other states, although on different grounds. It is generally reasoned that salaries and other expenses incident to the operation of the courts can be set by the judges in the exercise of the inherent power of the judiciary as a

separate branch of government.⑨ We do not express our view as to the validity of such reasoning. We have based our conclusion upon the interpretation of ORS 419.604 (1), and therefore it is unnecessary to consider the constitutional relationship between the courts and the legislative branch.

The decision of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

---

⑨ Mann v. County of Maricopa, 104 Ariz 561, 456 P2d 931 (1969); Powers v. Isley, 66 Ariz 94, 183 P2d 880 (1947); Smith v. Miller, 153 Colo 35, 384 P2d 738 (1963); Noble County Council et al v. State ex rel Fifer, 234 Ind 172, 125 NE2d 709 (1955); Bass v. County of Saline, 171 Neb 538, 106 NW2d 860 (1960).