Argued and submitted April 8, affirmed June 22, 1988

McCARTHY et al,
*Appellants,*

*v.*

TOMLINSON et al,
*Respondents.*

(16-85-06787; CA A44660)

756 P2d 687

Douglas A. Haldane, Eugene, argued the cause and filed the brief for appellants.

Charles D. Carlson, Eugene, argued the cause for respondents. With him on the brief were Richard A. Roseta and Flinn, Brown & Roseta, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Plaintiffs sued defendants, who are attorneys, on a theory of money had and received, to recover fees that they had paid defendants. The trial court dismissed the complaint for failure to state a claim. Plaintiffs appeal, and we affirm.

Because this case was decided on a motion to dismiss, we accept the facts pleaded by plaintiffs as true. *Sommerfeldt v. Trammell,* 74 Or App 183, 187, 702 P2d 430 (1985). Plaintiffs hired defendants to prosecute a claim. According to the complaint, defendants breached their fiduciary duty to plaintiffs by (1) failing to act solely for plaintiffs' benefit by representing a third party whose interest was adverse to plaintiffs', (2) making false statements to plaintiffs regarding their action, and (3) failing to file "certain documents" necessary to prosecute the action. Plaintiffs further allege that defendants did not prosecute the action "in plaintiffs' best interests" and that their conduct was intentional, willful, and "outside the norms acceptable to society." Plaintiffs had paid defendants $5,791.66 in attorney fees. They seek recovery of that amount plus $25,000 as punitive damages.

■ Oregon recognizes the action of assumpsit for money had and received. *Davis v. Tyee Industries, Inc.,* 295 Or 467, 472-73, 668 P2d 1186 (1983). An essential element of the action is that the defendant wrongfully appropriated the plaintiff's property and was thereby unjustly enriched. *Davis v. Tyee Industries, Inc., supra,* 295 Or at 470; Prosser and Keeton, *Torts* 673-75, § 94 (5th ed 1984).

■ The deficiency in plaintiffs' complaint is that it fails to state facts sufficient to support a claim that defendants *wrongfully appropriated* their money. Plaintiffs allege that defendants breached their fiduciary duty, made false statements, and failed to file documents, and they allege that these acts were willful. Those are not allegations that defendants wrongfully appropriated the fees, but only that plaintiffs did not receive what they bargained for or that defendants were negligent.

Plaintiffs cite *Davis v. Tyee Industries, Inc., supra,* for the proposition that an allegation that money held by defendants justly and equitably belongs to plaintiffs, without

further allegations, supports a claim for money had and received. Plaintiffs rely on this passage:

> "[W]here a contractual relationship exists between persons which creates a duty, the violation of which constitutes a tort, a party may recover money wrongfully obtained or withheld either in a tort action or by suing in assumpsit." 295 Or at 473-4.

Plaintiffs' reliance on *Davis* is incorrect for two reasons. First, consistent with our holding in this case, the quoted material refers to money *wrongfully* obtained or withheld. Plaintiffs' complaint does not allege that defendants wrongfully obtained or withheld their money. Second, *Davis* is not instructive about what must be *pleaded* to support an action for money had and received. The only issue in *Davis* was "what allegations must the complaint contain in order to support a recovery of punitive damages." 295 Or at 469. Whether the claim of money had and received was properly pleaded was not considered. 295 Or at 483.

Plaintiffs next contend that *Adams v. Crater Well Drilling, Inc.*, 276 Or 789, 556 P2d 679 (1976), controls. The plaintiff in *Adams* claimed that he had paid for something that he did not receive, and plaintiffs in this case make a similar claim. However, the plaintiff there paid only after the defendant had threatened civil proceedings to collect. The threat of civil proceedings was made "without probable cause and with no belief in the existence of a cause of action." 276 Or at 793-94. It was the baseless threat of civil proceedings that resulted in the wrongful appropriation.[1] Nothing in the complaint in this case compares to the wrongful demand for payment in *Adams*. Here, plaintiffs paid what apparently was an agreed amount, without fraud or duress, for services rendered (albeit allegedly in a deficient manner).

Finally, plaintiffs rely on *Schroeder v. Schaefer*, 258 Or 444, 477 P2d 720, 483 P2d 818 (1971). There, the court refused to enforce an attorney-client fee contract, because the attorneys had violated fiduciary duties, but allowed the attorneys to recover in *quantum meruit*. *Schroeder* might assist

---

[1] It is not clear whether the plaintiff in *Adams* alleged that the appropriation resulted from the wrongful threat of civil proceedings, but the defendant did not challenge the sufficiency of the pleadings, and the Supreme Court did not address that issue. *Adams v. Carter Well Drilling, Inc., supra*, 276 Or at 791-92 and n 3.

plaintiffs if theirs were a contract claim. However, it does not mean that an attorney who violates a fiduciary duty has wrongfully appropriated the fees.

Because it fails to allege that defendants wrongfully appropriated the attorney fees, plaintiffs' complaint fails to state a claim. It was properly dismissed.

Affirmed.