Argued and submitted April 8, affirmed June 22, reconsideration denied August 12, petition for review allowed September 29, 1988 (306 Or 660)
See later issue Oregon Reports

STATE ex rel FROHNMAYER,
*Respondent,*

*v.*

OREGON STATE BAR,
*Appellant.*

(87C-12045; CA A47455)

756 P2d 689

Edward L. Clark, Jr., Salem, and George A. Riemer, Lake Oswego, argued the cause and filed the briefs for appellant.

William Gary, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Special Counsel, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

The Oregon State Bar appeals the trial court's grant of a writ of mandamus. The writ requires the Bar to transmit records in a disciplinary matter to the Attorney General so that he may determine whether the Bar must disclose them pursuant to a request under the Public Records Act. ORS 192.410 to ORS 192.505. We affirm.

The Bar instituted a disciplinary proceeding against a lawyer. The accused lawyer's counsel, after receiving the discovery from the Bar's files to which Bar Rule 4.5 entitled him, asked the Bar to produce further materials for his inspection under the act. The Bar refused on the ground that the records are exempt from inspection. ORS 192.501; ORS 192.502. The lawyer's counsel then petitioned the Attorney General to review the records to determine whether they are, in fact, exempt. ORS 192.450(1).[1] The Bar declined to provide the records to the Attorney General under ORS 192.470(2).[2] The Bar asserts that it is not a state agency as the act uses the term and that the act, if it does subject the Bar to the Attorney General's review, violates the constitutional separation of powers between the executive and judicial branches.

The Bar first argues that the Public Records Act does not require it to submit the records for the Attorney General's review. Only state agencies must do so, and the Bar is not a

---

[1] ORS 192.450(1) provides:

"(1) Subject to ORS 192.480, any person denied the right to inspect or to receive a copy of any public record *of a state agency* may petition the Attorney General to review the public record to determine if it may be withheld from public inspection. The burden is on the agency to sustain its action. The Attorney General shall issue an order denying or granting the petition, or denying it in part and granting it in part, within seven days from the day the Attorney General receives the petition." (Emphasis supplied.)

[2] ORS 192.470(2) provides:

"Promptly upon receipt of [a petition under the Act], the Attorney General or district attorney shall notify the public body involved. The public body shall thereupon transmit the public record disclosure of which is sought, or a copy, to the Attorney General, together with a statement of its reasons for believing that the public record should not be disclosed. In an appropriate case, with the consent of the Attorney General, the public body may instead disclose the nature or substance of the public record to the Attorney General."

state agency. The Bar points out that *former* ORS 9.010(1)[3] described it as "an agency of the state," but in 1955 the legislature deleted that description from the statute. Or Laws 1955, ch 463, § 1. Another amendment in 1965 gave the Bar its present designation as a "public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon * * *." Or Laws 1965, ch 461, § 1. The Bar concludes that it is now a unique body, different from other state-created entities, and therefore outside the category of "state agency." Whatever the merit of the Bar's position in other contexts, we must decide this case by reference to the Public Records Act, not to general principles.

■■     The Bar is subject to the act. ORS 9.010(1). The act requires every "public body" to comply with its requirements. ORS 192.410(1) defines "public body" to include "every state officer, agency, department, division, bureau, board and commission; [various county, local, and special entities]; *and any other public agency of this state.*" (Emphasis supplied.) ORS 192.410(2) defines "state agency" to include "every state officer, agency, department, division, bureau, board and commission." The Bar asserts that it is subject to the act only as an "other public agency of this state," because it is not one of the entities specifically listed in the definition of "state agency." If the Bar is correct, the district attorney of the county in which its administrative offices are located, not the Attorney General, would be the official charged with reviewing requests to inspect public records in the Bar's possession or control. ORS 192.460.

The Bar's position is not an unreasonable reading of the statutes. However, it fails to consider their full context. The definition of "state agency" in ORS 192.410(2) is one of description, not of limitation. *See Frohnmayer v. SAIF,* 294 Or 570, 577, 660 P2d 1061 (1983). "State agency" *includes* the

---

[3] ORS 9.010(1) now provides, in pertinent part:

"An attorney, admitted to practice in this state, is an officer of the court; and the Oregon State Bar is a public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon and is authorized to carry out the provisions of ORS 9.030 to 9.755. The bar is subject to the following statutes applicable to public bodies: * * * ORS 192.410 to 192.505 * * *. However, the bar is not subject to any other statute applicable to a state agency, department, board or commission or public body unless such statute expressly provides that it is applicable to the Oregon State Bar."

bodies mentioned; the statute does not say that *only* those bodies are state agencies. The Bar is clearly a creature of the state, not of any local government, and it has statewide responsibilities. Although it is an "instrumentality" of the Judicial Department, it was proper for the legislature to subject it to the act. *Sadler v. Oregon State Bar,* 275 Or 279, 550 P2d 1218 (1976). The act does not expressly limit its definition of state agencies to those in the executive and legislative departments.

The Public Records Act provides only two methods for review of requests for inspection, other than requests made to elected officials: requests of "state agencies" go to the Attorney General, while requests of other bodies go to the district attorney. Those entities listed in ORS 192.410(1) that are not also included in the definition of "state agency" are all local, rather than statewide, bodies.[4] There is no reason in the structure of the act why the district attorney, who is an official with limited territorial jurisdiction, should review requests for the inspection of records in the control of a statewide public body. We hold that the Bar is a "state agency" within the meaning of the act and that the Attorney General has statutory authority to review requests to inspect its records. ORS 192.470(2), therefore, requires the Bar to transmit the records to the Attorney General for his review.

■■ The Bar's remaining assignments assume that the Public Records Act request is an alternative method of discovery in a Bar disciplinary proceeding. That assumption is based on a misunderstanding of the purpose and function of the act. In this case, it happens that the person who sought the records apparently intended to use them in a Bar proceeding. However, his intent is irrelevant to the validity of the request or to the timing of the Attorney General's review. ORS 192.420 provides that "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505." The use to which the person intends to put the records after disclosure does not define the right to inspect them. That right is part of the state's policy of open government and belongs to everyone.

---

[4] The phrase "any other public agency of this state" in ORS 192.410(1) is, in this context, simply a catchall to ensure that the more specific enumeration of public bodies does not miss any.

The statute "creates a right of access to public records that is not dependent on the requester's need or motivation." *Smith v. School Dist. No. 45,* 63 Or App 685, 692, 666 P2d 1345, *rev den* 295 Or 773 (1983). Jane Doe, who might ask to see the records as a matter of pure curiosity, would have the identical right that the requester in this case has.

■ The Bar's second assignment is that the court erred by failing to rule that the act, by permitting the accused in a disciplinary proceeding to obtain discovery beyond that provided in Bar Rule 4.5, unduly interferes with the adjudication of disciplinary cases and thereby violates the separation of powers principles of Article III, section 1, and Article VII (amended), section 1, of the Oregon Constitution. That argument is based on the Bar's incorrect assumption that the act is a discovery device. The accused's right to discovery is found in the rules governing the disciplinary proceeding. The fact that the accused may be able to obtain additional information through the act need not affect the disciplinary hearing. In this case, the proceeding is still pending, apparently at the accused lawyer's insistence, to await the outcome of the Public Records Act dispute. The Bar's decision whether or not to stay the proceeding for that reason is a matter for the discretion of the body conducting the hearing. An accused lawyer does not have an absolute right to a stay.[5] Because the impact that a Public Records Act request will have on the disciplinary process is generally within the Bar's control, the act does not violate the principle of the separation of powers, whether or not it otherwise would.

■ The Bar next argues that the Attorney General's exercise of decision-making power under the Act is also a violation of the principle of separation of powers. The Bar misunderstands the Attorney General's role in enforcing the act. He does not finally adjudicate the merits of a Public Records Act request. If he issues an order requiring disclosure, the Bar may still refuse to comply and may file a challenge in circuit court to vindicate its view. If the Bar does not file an

---

[5] The act contains provisions intended to produce a rapid resolution of disputes. *See* ORS 192.450(1), (2); ORS 192.465; ORS 192.490(2). It may be that a person who seeks access to public records for use in litigation could obtain them in time for their intended use, but that is not the purpose of either the act or the time restrictions under it.

action, but continues to withhold records despite an order to disclose, the person requesting disclosure may seek judicial relief. ORS 192.450(2). In either case, the only enforceable determination of the validity of a refusal to comply with the request is a judicial determination.

In addition, the Attorney General decides issues only under the act. He does not review the Bar's determination of what material is discoverable under its rules. His actions, therefore, cannot constitute an executive intrusion into the judicial function of attorney discipline. The Bar's disciplinary rules have nothing to do with the requirements of the act except to the extent that they may affect the determination of whether particular material is exempt from disclosure. That determination goes to the merits of the request for inspection and is not before us in this mandamus proceeding.[6]

Affirmed.

---

[6] We reject the Bar's request that we rule that an accused in a disciplinary case is entitled to no greater disclosure under the act than under the Bar's discovery rules. The pendency of the disciplinary proceeding neither adds to nor subtracts from the Public Records Act proceeding, and *vice versa.* As discussed above, the two sets of requirements operate independently. The Bar's transmittal of records to the Attorney General pursuant to the act, however, would not constitute a waiver of any applicable exemption, including the attorney-client privilege between the Bar and its counsel. *See* OEC 503 and ORS 192.502(8).