Argued and submitted November 1, 1988, the decisions of the Court of Appeals and
trial court affirmed January 18, 1989

## STATE ex rel FROHNMAYER,
*Respondent on Review,*

*v.*

## OREGON STATE BAR,
*Petitioner on Review.*

## (CC 87C-12045; CA A47455; SC S35408)

767 P2d 893

Edward L. Clark, Jr., Salem, and George A. Riemer, General Counsel, Oregon State Bar, Lake Oswego, argued the cause and filed the petition for petitioner on review.

William Gary, Deputy Attorney General, Salem, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.**

PETERSON, C. J.

** Campbell, J., retired December 31, 1988.

## PETERSON, C. J.

This case presents three issues. First, is the Oregon State Bar (the bar) a "state agency" or an "other public agency of this state" under the Public Records Law, ORS 192.410? Second, does the application of the Public Records Law in this case violate the separation-of-powers provisions of Article III, section 1, of the Oregon Constitution? Finally, does application of the Public Records Law here unduly interfere with judicial functions in violation of Article VII (amended), section 1, of the Oregon Constitution? We hold that the bar is a state agency under ORS 192.410 and that application of the Public Records Law to the facts presented does not violate the Oregon Constitution.

### STATUTORY AND FACTUAL BACKGROUND

ORS 9.010(1) defines the bar as a "public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon * * *." It further provides that the bar "is subject to * * * ORS 192.410 to 192.500" (the Public Records Law) but that "the bar is not subject to any other statute applicable to a state agency, department, board or commission or public body unless the statute expressly provides that it is applicable to the Oregon State Bar."

The Public Records Law declares that "[e]very person has a right to inspect any public record of a public body in this state" unless that record is expressly exempted from disclosure under ORS 192.501 to 192.505. ORS 192.420. If a public body does not allow a person to inspect a public record, that person may petition for an order requiring that he or she be given access to the record.

A two-track system exists for the petition-review process. Petitions on denials by a "state agency" are directed to and reviewed by the Attorney General. ORS 192.450(1). Denials by a "public body other than a state agency" are reviewed by the "district attorney of the county in which the administrative offices of the public body are located * * *." ORS 192.460. Whether a public body is a "state agency" or a "public body other than a state agency" turns on ORS 192.410, which provides in pertinent part:

"(1)  'Public body' includes every state officer, agency, department, division, bureau, board and commission; every

county and city governing body, school district, special district, municipal corporation, and any board, department, commission, council, or agency thereof; and any other public agency of this state.

"(2) 'State Agency' includes every state officer, agency, department, division, bureau, board and commission."

The underlying facts in this case are as follows. After the bar filed a disciplinary complaint against him, an accused attorney asked the bar to disclose records.[1] This request was made pursuant to the Public Records Law. The bar denied the request, asserting that the documents were exempt from the Public Records Law's disclosure requirements. Pursuant to ORS 192.450, the accused petitioned the Attorney General to review the disclosure denial. The Attorney General asked the bar to produce the requested documents so he could examine them to determine whether they were exempt from disclosure. The bar denied the Attorney General's request on the ground that it was a "public body other than a state agency" and therefore under ORS 192.460 a district attorney was the appropriate officer to make an exemption determination. The bar also claimed that intercession by the Attorney General, an officer of the executive branch, breached the constitutionally prescribed separation of governmental powers and unduly interfered with the judicial function of disciplining attorneys. The Attorney General petitioned for an alternative writ of mandamus to compel the bar to turn the documents over for inspection. The Marion County Circuit Court granted the writ and the relief sought by the Attorney General. The bar appealed. The Court of Appeals affirmed, holding that the bar is a state agency and that application of the Public Records Law to these facts did not result in any constitutional violation. *State ex rel Frohnmayer v. Oregon State Bar,* 91 Or App 690, 756 P2d 687 (1988).

## ANALYSIS

### *Statutory Claims*

■ We first consider whether the bar is a "state agency" or a "public body other than a state agency" under the Public

---

[1] Bar Rule 4.5 governs discovery in disciplinary proceedings. There is some confusion whether this accused attorney made use of this discovery device. Resolution of this question is immaterial to our holding.

Records Law.[2] The definitions in ORS 192.410 make no mention of a "public corporation" or an "instrumentality" of a state agency. Our task, then, is to fit this square peg—the bar—into the most appropriate round hole in the Public Records Law.

The definition of "state agency" in ORS 192.410(2) is inclusive and the examples given therein are illustrative rather than exclusive. We are therefore not foreclosed from finding that a "public corporation and instrumentality of the Judicial Department of the State of Oregon" is a state agency under the Public Records Law. *See Frohnmayer v. SAIF*, 294 Or 570, 577, 660 P2d 1061 (1983) (holding, in a different context, that reference to "departments, commissions, bureaus, offices thereof, state officers, boards and heads of departments or institutions" in ORS 180.220 was not intended by way of limitation).

The legislative history of the Public Records Law suggests that the two-track scheme for review of disclosure denials was intended to allocate review responsibilities between the Attorney General and district attorneys roughly along their jurisdictional lines. In testifying before the Joint Legislative Committee on Professional Responsibility, then Attorney General Lee Johnson declared that ORS 192.460 "provides in the case of *local* agencies, *local* government agencies, the district attorney will have the same review functions as the Attorney General would have with respect to state agencies." Hearings Before the Joint Legislative Committee on Professional Responsibility, April 16, 1973, Tape 6, Side 1

---

[2] The bar contends that there is an ambiguity in this court's opinions concerning whether the bar is a state agency under ORS 192.410(2). It cites *Frohnmayer v. SAIF*, 294 Or 570, 660 P2d 1061 (1983), and *Oregon State Bar v. Wright*, 280 Or 693, 573 P2d 283 (1977), to support its contention. Neither case involved the statute under review here. In *Frohnmayer* we held that SAIF, an "independent public corporation," was a "state officer, board, [or] commission" under ORS 180.220. 294 Or at 580-82. *Frohnmayer* did not involve the question of the bar's status under ORS chapter 180. 294 Or at 577 n 3. In *Wright* we declined to determine the bar's status under ORS chapter 180 because the defendant failed to raise the issue in the lower court, although we noted that the term "public corporation" was not used in ORS chapter 180. 280 Or at 705-706.

Even had we determined that the bar was a "state officer, board, [or] commission" for the purposes of ORS 180.220, that would not dispose of this case because the legislature might define the bar as a state agency for the purpose of one statute but not for others. *See* discussion of ORS 9.010(1) in text, *supra.*

(emphasis added). From this it appears that review of disclosure denials by public bodies with local jurisdiction would be reviewed by the relevant district attorney.

The bar, which performs a number of statewide functions, including attorney discipline and administration of the client security and professional liability funds, is not a local public body. The very statute that makes the bar subject to the Public Records Law, ORS 9.010(1), describes the bar as an "instrumentality of the Judicial Department of the government *of the State of Oregon * * *.*" (Emphasis added.) That the bar is an instrumentality of the Judicial Department, and that it performs statewide functions on behalf of that department, weigh in favor of the conclusion that the bar itself is a state agency under ORS 192.410(2). No countervailing considerations have been suggested. We therefore hold that the bar is a state agency under ORS 192.410(2). The Attorney General is the proper person to receive and review petitions for the production of the bar's records.

*Constitutional Claims*

Although the bar denominates its constitutional claim as one concerning a separation-of-powers violation, in fact it alleges *both* a separation-of-powers violation under Article III, section 1, and an undue interference problem under Article VII (amended), section 1, of the Oregon Constitution. These are distinct constitutional claims. *See State ex rel Ray Wells, Inc. v. Hargreaves,* 306 Or 610, 615 n 2, 761 P2d 1306 (1988).

Article III, section 1, of the Oregon Constitution provides:

"The powers of Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

The bar asserts that allowing accused attorneys to use the Public Records Law to gather information in their defense violates the separation-of-powers provisions of Article III, section 1, by impermissibly involving the Attorney General in bar disciplinary proceedings.

Article III, section 1, prevents an officer in one branch of government from exercising power constitutionally assigned to a different branch. However, the exercise of power constitutionally assigned to one branch will often have a direct impact on another branch of government. The power which may be exercised in the absence of legislation by one branch—for example, the Judicial Department—may nevertheless be subject to statutory regulation if the Legislative Assembly enacts a law. But no violation of Article III, section 1, occurs unless the powers or functions of one governmental branch are performed by a person performing the duties of a different branch. For instance, *Circuit Court v. AFSCME,* 295 Or 542, 669 P2d 314 (1983), dealt with the question whether the Employment Relations Board (ERB) violated Article III, section 1, by applying the Public Employe Collective Bargaining Act to certain employment relations within the Judicial Department. We recognized that "[t]here can be no question that the legislature may enact laws prescribing the exercise of judicial powers." 295 Or at 549. We found no constitutional violation because ERB was not exercising judicial power or performing a judicial function:

> "ERB does not appoint or discharge counselors, nor does it designate salaries or conditions of employment. There may be occasions when ERB is called upon to interpret and enforce the provisions of the collective bargaining agreement or to find facts to resolve an impasse concerning these issues. This is not the performance of a judicial function. It is, rather, the performance of ERB's own administrative function, to ensure that public employers administer their employment relationships in compliance with state laws and the applicable collective bargaining agreement." 295 Or at 548-49 (footnote omitted).

The same reasoning applies here. In making disclosure determinations under the Public Records Law, the Attorney General does not exercise judicial power or perform a judicial function. In performing the administrative duties imposed by the Public Records Law, the Attorney General does not alter the rules governing the admission, suspension, or disbarment of attorneys; nor does he decide what is (or is not) discoverable under the bar's discovery rules. Because no judicial or legislative power or function is performed by the Attorney General, there is no violation of Article III, section 1.

■     The bar also asserts that application of the Public Records Law in this case causes delay, thereby unduly interfering with the court's function in regulating the legal profession.[3] *Sadler v. Oregon State Bar,* 275 Or 279, 550 P2d 1218 (1976), presented the question whether disclosure under the Public Records Law of *closed* bar disciplinary records to non-attorney members of the public unduly burdened or interfered with judicial power. We held that "the Public Records Law does not unreasonably encroach upon the judicial function of disciplining lawyers." 275 Or at 295. The narrow issue presented here is whether *Sadler* is distinguishable because the case at bar involves a disclosure request by an accused attorney in a pending disciplinary proceeding.

As we noted above, "the legislature may act authoritatively with respect to some matters which affect the judicial process. The limits of legislative authority are reached, however, when legislative action unduly burdens or unduly interferes with the judicial department in the exercise of its judicial functions." *Ramstead v. Morgan,* 219 Or 383, 399, 347 P2d 594 (1959) (citation omitted). We have also declared that "general institutional inconvenience is not enough to render legislation constitutionally defective. Only an outright hindrance of a court's ability to adjudicate a case * * * or the substantial destruction of the exercise of a power essential to the adjudicatory function * * * will prompt an Article VII, section 1 violation." *Circuit Court v. AFSCME, supra,* 295 Or at 551.

The bar has not shown that a request for documents by an accused attorney under the Public Records Law unduly interferes with the disciplinary procedure any more than an identical request by a non-lawyer member of the public.[4] Pro-

---

[3] Article VII (amended), section 1, of the Oregon Constitution provides in relevant part:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law."

[4] Under the bar's theory, the intention of the person making the Public Records Law request would determine whether it was proper. *Sadler v. Oregon State Bar,* 275 Or 279, 550 P2d 1218 (1976), clearly establishes that a member of the public can gain access to bar disciplinary records; nevertheless the bar would have us deny access to members of the public who happen also to be attorneys and who intended to use the records in bar disciplinary proceedings. Such a distinction would be untenable. There is no basis in the statute for drawing such a distinction. ORS 192.420 declares that "[e]*very person* has a right to inspect *any public record* of a public body in this state * * *." (Emphasis added.) *See also State v. Spada,* 286 Or 305, 594 P2d 815 (1979) (defendant in criminal action may use Public Records Law to gather information for his defense).

cessing Public Records Law requests may take time and create some general institutional inconvenience. But there has been no showing that it burdens or unduly interferes with this Court's ability to administer the disciplinary rules.

Although an accused's gathering of information through the Public Records Law may have an effect on disciplinary proceedings, the trial panel has the discretion to stay or not to stay such proceedings pending resolution of Public Record Law requests. *See* Bar Rules 4.3(c), 5.4. In this case the trial panel did stay the underlying disciplinary action. The amount of delay, if any, occasioned by a disclosure request largely is within the bar's control. Moreover, several provisions of the Public Records Law ensure that disclosure denials are reviewed and resolved promptly. *See* ORS 192.450(1), (2); ORS 192.465; ORS 192.490(2). We are not convinced that significant delay will occur in bar disciplinary actions in most circumstances.

The decisions of the trial court and the Court of Appeals are affirmed.

**CARSON, J.,** dissenting.

The majority has concluded that the Bar is a "state agency" for purposes of the inspection provisions of the Public Records Law. In so concluding, the majority has erred. Therefore, I dissent.

The majority is correct in asserting that the Bar is subject to the inspection provisions of the Public Records Law. ORS 9.010(1). It also is correct in observing that the procedure under the inspection provisions creates a two-track system, with the initial determination of disclosure falling upon either the Attorney General, ORS 192.450, or a district attorney, ORS 192.460. But the majority is incorrect when it seeks "to fit this square peg—the bar—into the most appropriate round hole in the Public Records Law."

The majority's struggle is unnecessary, including the fleeting reference to inconclusive legislative history that preceded the application of the inspection provisions to the Bar by several years and the resort to statutory interpretation tools. For inspection-provision purposes, the legislature defined a broad category ("public body") in ORS 192.410(1) that has three identifiable components:

1. "every state officer, agency, department, division, bureau, board and commission" (defined by ORS 192.410(2) as "state agency");

2. "every county and city governing body, school district, special district, municipal corporation, and any board, department, commission, council, or agency thereof;" and

3. "any other public agency of this state."

The legislature then assigned "state agency" inspections to the Attorney General for determination and "public-body-other-than-a-state-agency" inspections to a district attorney. I contend that the Bar comfortably fits in the third component of ORS 192.410(1)[1] and is, therefore, a public body other than a state agency. Such being the case, the initial inspection determination should reside with a district attorney and not with the Attorney General.

I suspect that the majority is provoked into creating a mountain of statutory interpretation from a definitional molehill for two reasons: The will-o'-the-wisp character of the term "state agency" and the seemingly ever-changing status of the Bar. "State agency" means whatever the legislature says it means; its breadth or narrowness fluctuates according to the legislative definition.[2] *Cf.* ORS 192.005(7) (" 'state agency' means any state officer, department, board, commission or court created by the Constitution or statutes of this state * * * [but] does not include the Legislative Assembly or its committees, officers and employes"); ORS 192.072(1)(b) (" 'state agency' includes any state officer, department, board, commission or court, the Legislative Assembly, its committees, officers and employes"); ORS 171.133 (" 'state agency' means every state agency whose costs are paid wholly or in

---

[1] The third component is correctly characterized by the Court of Appeals as a "catchall" enumeration. *State ex rel Frohnmayer v. Oregon State Bar,* 91 Or App 690, 694 n 4, 756 P2d 689 (1988).

[2]

" 'When *I* use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean—neither more nor less.'

" 'The question is,' said Alice, 'whether you *can* make words mean so many different things.'

" 'The question is,' said Humpty Dumpty, 'which is to be master—that's all.' " Lewis Carroll, *Through the Looking-Glass,* Macmillan and Co. 1872, p 124.

part from funds held in the State Treasury, except the Legislative Assembly, the courts and their officers and committees"); ORS 183.310(1) (" 'agency' means any state board, commission, department, or division thereof, or officer authorized by law to make rules or to issue orders, except those in the legislative and judicial branches").

Although once legislatively denominated "an agency of the state," Oregon Laws 1935, chapter 28, section 1, the Bar now is denominated "a public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon." ORS 9.010(1); Or Laws 1965, ch 461, § 1. By legislative direction the Bar is a "public corporation" and no longer an "agency of the state."

Finally, the majority's reliance on legislative history to establish a state-wide versus local dichotomy ignores the third component—the "catchall" component—which is assigned to the district attorney for initial determination. Likewise, the majority's reliance on a statutory interpretation falls short of supporting its conclusion. The reliance on the assertion that "includes" is "illustrative" rather than "exclusive" may help the legislative interpreter in some cases. But here, three separate components are created by the legislative definition and one component ("state agency") clearly is a subset of the full category ("public body"). Allowing the "includes" language to devour the third component is incorrect and unnecessary. If, as contended by the majority, there is only a local government and a state-wide government, then the legislatively created "any other public agency of the state" is vaporized by the use of a term characterized as "illustrative."

I do not contend that the conclusion reached by the majority (and the Attorney General, the Marion County Circuit Court, and the Court of Appeals) is irrational. It is incorrect. There is no need to resort to a single presentation to a legislative committee or statutory construction when the legislature has stated its position. The majority has indeed fit its square peg into a round hole by resort to the old adage: "If it doesn't fit, get a bigger hammer."