Argued and submitted October 7, 2014, affirmed January 28, petition for review denied June 4, 2015 (357 Or 324)

Stephanie M. DOWELL,
individually and on behalf of
others similarly situated,
*Plaintiff-Appellant,*

*v.*

OREGON MUTUAL INSURANCE COMPANY,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
120506486; A153170

343 P3d 283

Henry C. Breithaupt, Judge pro tempore.

Charles Robinowitz argued the cause for appellant. With him on the opening brief was Lee Ann Donaldson. With him on the reply brief were Lee Ann Donaldson and Law Offices of Charles Robinowitz.

Thomas M. Christ argued the cause for respondent. With him on the brief was Cosgrave Vergeer Kester LLP.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

## TOOKEY, J.

Plaintiff, the insured, appeals a general judgment in favor of defendant, Oregon Mutual Insurance Company, after the trial court granted defendant's motion for summary judgment on plaintiff's claim for breach of contract. For the reasons that follow, we affirm.

The material facts are not in dispute. Plaintiff was insured under a motor vehicle insurance policy issued by defendant. As statutorily required, plaintiff's insurance policy included personal injury protection (PIP) coverage, which is Oregon's version of "no fault" motor vehicle insurance.[1] Under the PIP statutory scheme, when an insured is injured in a motor vehicle accident, regardless of fault, the insurer is required to pay certain expenses, as follows:

"(1) Personal injury protection benefits as required by ORS 742.520 shall consist of the following payments for the injury or death of each person:

"(a) All reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the person's injury, but not more than $15,000 in the aggregate for all such expenses of the person. Expenses of medical, hospital, dental, surgical, ambulance and prosthetic services shall be presumed to be reasonable and necessary unless the provider is given notice of denial of the charges not more than 60 calendar days after the insurer receives from the provider notice of the claim for the services. At any time during the first 50 calendar days after the insurer receives notice of claim, the provider shall, within 10 business days, answer in writing questions from the insurer regarding the claim. For purposes of determining when the 60-day period provided by this paragraph has elapsed, counting of days shall be suspended if the provider does not supply written

---

[1] *See* ORS 742.520(1) (requiring motor vehicle liability policies to provide certain PIP benefits); *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 300, 613 P2d 32 (1980) ("The obvious purpose of [the PIP scheme] is to provide, promptly and without regard to fault, reimbursement for some out-of-pocket losses resulting from motor vehicle accidents."). The PIP statutory scheme is codified at ORS 742.518 to 742.542. *See* ORS 742.518(7) ("'Personal injury protection benefits' means the benefits described in ORS 742.518 to 742.542.").

answers to the insurer within 10 days and may not resume until the answers are supplied."

ORS 742.524(1)(a).[2]

In 2008, while insured by defendant, plaintiff was injured in a motor vehicle accident, and she applied for PIP medical benefits, which defendant paid. She also incurred $430.67 in expenses for transportation to attend medical appointments and to obtain medication, but defendant declined to pay those expenses.

Plaintiff then initiated this action by filing, individually, and on behalf of others similarly situated, a complaint for breach of contract against defendant. In her complaint, plaintiff alleged that her claim for medical expenses under ORS 742.524(1)(a) included the expense of transportation to attend medical appointments and to obtain medication, and that defendant breached its contract by failing to reimburse her for those expenses. Defendant moved for summary judgment, arguing that ORS 742.524(1)(a) did not require it to pay plaintiff's transportation expenses. After a hearing, the trial court granted defendant's motion for summary judgment, and entered a judgment in favor of defendant.

On appeal, plaintiff contends that the trial court erred when it granted defendant's motion for summary judgment. That ruling involves interpretation of a statute, which we review for legal error. *See State v. Thompson*, 328 Or 248, 256, 971 P2d 879, *cert den*, 527 US 1042 (1999) ("A trial court's interpretation of a statute is reviewed for legal error.").[3]

---

[2] ORS 742.524(1)(a) was amended in 2009. Or Laws 2009, ch 66, § 1. That amendment does not affect our analysis in this case. For simplicity, throughout this opinion, we refer to the current version of the statute.

[3] As noted above, ORS 742.520(1) requires motor vehicle liability policies to provide certain PIP benefits. In their briefs, the parties refer to the language of plaintiff's automobile policy, which, according to the parties, essentially mirrors the text of ORS 742.524(1)(a). The parties agree that defendant's obligation to plaintiff is controlled by ORS 742.524(1)(a). Thus, for the purpose of our analysis, the resolution of this case depends on the proper interpretation of ORS 742.524(1)(a). *See To v. State Farm Mutual Ins.*, 319 Or 93, 97, 873 P2d 1072 (1994) (noting that, although the case technically involved the interpretation of a particular provision contained within the plaintiffs' motor vehicle policy, the resolution of the case depended on the interpretation of a statutory provision).

In this case, the parties do not dispute that the medical services obtained by plaintiff were reasonable and necessary, and they do not dispute the underlying facts. Rather, the parties dispute only one issue—whether ORS 742.524(1)(a) requires defendant to pay plaintiff's expenses for transportation to attend medical appointments and to obtain medication. Accordingly, the parties focus their arguments on the meaning of the following phrase: "expenses of medical * * * services." ORS 742.524(1)(a).

Plaintiff argues that the phrase "expenses of medical * * * services" in ORS 742.524(1)(a) includes the expense of transportation to obtain those services. She first states that "the legislature did not intend to limit payment of medical expenses solely to the narrow list of medical, hospital, dental, surgical, ambulance and prosthetic services."[4] She also argues that the legislature's description of the specific covered services in ORS 742.524(1)(a) cannot be "considered literally" because such a reading "is not logical or consistent" with the legislative purpose of protecting the insurance-buying public. See ORS 731.008 ("The Legislative Assembly declares that the Insurance Code is for the protection of the insurance-buying public."). According to plaintiff, ORS 742.524(1)(a) should be broadly construed to mean "that an insured is entitled to expenses related to, in reference to, or about medical services[,]" including "the insured's costs of traveling to and from the appointments." (Internal quotation marks omitted.)

Defendant responds that the phrase "expenses of medical * * * services" does not include the expense of transportation to obtain those services. Defendant argues that, under ORS 742.524(1)(a), PIP benefits are limited to payments for certain "services"—namely, "medical, hospital, dental, surgical, ambulance and prosthetic services[.]" Defendant also argues that ORS 742.524(1)(a) "contemplates

---

[4] Plaintiff then argues that doing so "would exclude many types of treatments for car crash injuries such as medication, mental health counseling, medical equipment like crutches, walkers and wheelchairs, physical therapy, acupuncture and chiropractic treatment that technically are not services medical doctors perform, and medical supplies, such as bandages and slings." Because, in this case, the issue is whether ORS 742.524(1)(a) requires defendant to pay plaintiff's expenses for transportation to attend medical appointments and to obtain medication, we decline to address that argument.

that the services for which benefits are required will be provided by a 'provider'"—that is, "a licensed *health care* provider." (Emphasis in original.) Thus, according to defendant, the context demonstrates that PIP benefits are required neither "for providers of *non*-health care services"—such as taxi cab service, shuttle service, or bus service—nor "for services for which there is no 'provider'—that is, for services the injured 'person' performs for himself, such [as] driving himself to the doctor's office." (Emphasis in original.)

When interpreting a statute, our goal is to discern legislative intent. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). We consider the text and context, and, where it is helpful, legislative history. *Id.* at 171-73. We start with the statutory text because it is "the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). When a term is defined by a statute, we look to the statutory definition, but when a term is not statutorily defined, we look to dictionary definitions to ascertain the plain meaning of the term. *See Gaines*, 346 Or at 175 (using dictionary definitions to discern the plain, natural, and ordinary meaning of terms). We are mindful, however, that the meaning of a statute does not depend only on the dictionary definition of one of its terms; we must examine how each term is used in context. *Elk Creek Management Co. v. Gilbert*, 353 Or 565, 574, 303 P3d 929 (2013). Context includes "other provisions of the same statute and other related statutes." *PGE*, 317 Or at 611.

To resolve the parties' dispute, we first focus on four statutory terms: "expenses," "of," "medical," and "services." ORS 742.524(1)(a). None of those terms are statutorily defined, so we look to the dictionary. "Expense" may be defined as "something that is expended in order to secure a benefit or bring about a result[.]" *Webster's Third New Int'l Dictionary* 800 (unabridged ed 2002). "Of" may be defined as "relating to : with reference to : as regards : ABOUT[.]" *Id.* at 1565 (boldface in original). "Medical" may be defined as "of, relating to, or concerned with physicians or with the practice of medicine often as distinguished from surgery[,]" and "medicine" may be defined as "the science and art dealing with the maintenance of health, and the prevention, alleviation, or cure of disease[.]" *Id.* at 1402. "Service" may

be defined as "the performance of work commanded or paid for by another[.]" *Id.* at 2075. Thus, the plain meaning of "expenses of medical * * * services" may be construed as something that is expended to secure a benefit relating to work that is performed by another, when that work involves the practice of medicine (the maintenance of health, and the prevention, alleviation, or cure of disease). That construction suggests that ORS 742.524(1)(a) does not require defendant to pay plaintiff's expenses for transportation to attend medical appointments and to obtain medication.

That construction is supported by context[5]—that is, the entire text of ORS 742.524(1)(a), as well as two additional statutes discussed below, which, together, supply a definition that is used within the PIP statutory scheme. *See Force v. Dept. of Rev.*, 350 Or 179, 188, 252 P3d 306 (2011) (stating that "we do not read individual phrases in isolation; rather, we examine them in context" and noting that "context includes, among other things, other parts of the statute at issue") (internal quotation marks omitted). As noted above, ORS 742.524(1)(a) provides that "[e]xpenses of medical * * * services shall be presumed to be reasonable and necessary unless *the provider* is given notice of denial of the charges not more than 60 calendar days after *the insurer* receives from *the provider* notice of the claim for the services." (Emphases added.) ORS 742.524(1)(a) then provides that, within a specified time "after *the insurer* receives notice of claim, *the provider* shall, within 10 business days, answer in writing questions from *the insurer* regarding the claim." (Emphases added.) ORS 742.524(1)(a) further provides that the "counting of days shall be suspended if *the provider* does not supply written answers to *the insurer* within 10 days and may not resume until the answers are supplied." (Emphases added.) Next, ORS 742.518(10) states that the term "'[p]rovider' has the meaning given that term in ORS 743.801." That

---

[5] The parties also engage in textual arguments involving the Internal Revenue Code, Oregon's workers' compensation law, and workers' compensation laws from other states—arguments suggesting that those statutes provide context for our interpretation of ORS 742.524(1)(a). However, the parties do not cogently explain, or meaningfully develop an argument, how those sources of authority provide useful context to interpret the text of ORS 742.524(1)(a). Accordingly, we decline to look to those statutes as context for interpreting the provisions of ORS 742.524(1)(a).

statute, in turn, states that "'[p]rovider' means a person licensed, certified or otherwise authorized or permitted by laws of this state to administer medical or mental health services in the ordinary course of business or practice of a profession." ORS 743.801(13).

When we consider the entire text of ORS 742.524(1)(a), along with the definition of the term "provider" as set forth in ORS 742.518(10) and ORS 743.801(13), we infer that the legislature did not intend the phrase "expenses of medical *** services" to include the expense of transportation to obtain those services. ORS 742.524(1)(a) not only lists the services that an insurer is required to cover, regardless of fault, when an insured is involved in a motor vehicle accident, but also contemplates that those services will be provided by a "provider." We note that the definition of "provider" in ORS 743.801(13) uses the term "means," which "is used in the definition if the definition restricts or limits the meaning of a word." *State v. Fox*, 262 Or App 473, 483, 324 P3d 608, *rev den*, 356 Or 163 (2014) (citing Office of Legislative Counsel, *Bill Drafting Manual* § 7.2 (2012)). Thus, the term "provider," as used in ORS 742.524(1)(a) can only mean a person who is licensed, certified, or otherwise authorized to administer medical or mental health services—in other words, an authorized medical or mental health services provider. ORS 742.518(10); ORS 743.801(13). Based on that limitation, we infer that payments are not required for expenses of services provided by cab drivers, bus drivers, or other persons who are not authorized medical or mental health services providers who transport an insured to attend medical appointments or to obtain medication, and are also not required when an insured transports himself or herself to attend medical appointments or to obtain medication.

Based on the foregoing, we conclude that ORS 742.524(1)(a) does not require defendant to pay plaintiff's expenses for transportation to attend medical appointments and to obtain medication. The trial court did not err when it granted defendant's motion for summary judgment.

Affirmed.